UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PETER DEAN | CIVIL ACTION NO. 19-1567 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| POWERTECH MARINE, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 44) filed by Defendants, PowerTech Marine, Inc. ("PowerTech Marine") and Charles Steven Powers ("Powers") (collectively "Defendants"). After the motion was filed, Plaintiff Peter Dean ("Dean") voluntarily dismissed all claims against Defendants. See Record Document 51. This Court issued an Order dismissing Dean's claims without prejudice, but reserving Defendants' counterclaims for resolution via the Court's ruling on the pending Motion for Summary Judgment. See Record Document 54. This Motion for Summary Judgment is unopposed. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The present suit concerns a dispute over a patent for the design of a hub system in a propeller. See Record Document 1 at 4. Dean originally filed suit in December 2019 against PowerTech Marine and Powers pursuant to the U.S. Patent Act "for Defendants' willful and intentional infringement of Plaintiff's intellectual property, specifically U.S. Patent No. 7,233,073 B2 entitled 'BOAT PROPELLER'" ("the '073 Patent"). See id. at 1. Dean alleged that Defendants were currently infringing on claims one through twenty-one of the '073 Patent, which describe Dean's specific design for his propeller. See Record

Document 38 at 3. After document disclosures and motion practice, as well as the withdrawal of his attorney, Dean filed a voluntary motion to dismiss all claims against Defendants. See Record Document 51. Thus, on July 18, 2022, this Court granted an Order dismissing all claims against Defendants without prejudice. See Record Document 54.

In their Amended Answer, Defendants denied Dean's allegations, asserted defenses, and brought counterclaims against Dean. See Record Document 36. Defendants' counterclaims seek declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 for the following reasons: (1) Defendants' hub system in their propeller design does not contain two key limitations contained within the '073 Patent, and thus no infringement has occurred; and (2) if the Court finds the limitations do exist in Defendants' design, the '073 Patent is invalid and/or unenforceable because Defendants' propellers were offered for sale before the '073 Patent was filed. See id. at 7. In its July 18, 2022 Order, this Court reserved resolution of Defendants' counterclaims for the Court's ruling on Defendants' pending Motion for Summary Judgment. See Record Document 54.

In their Motion for Summary Judgment, Defendants argue they are entitled to judgment as a matter of law for the same reasons that Defendants seek declaratory relief in their counterclaims—namely, noninfringement of the '073 Patent or, alternatively, invalidity of the '073 Patent. See Record Document 44-1 at 1. Dean did not oppose the motion.

**LAW AND ANALYSIS**

    **A. Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

    **B. Analysis**

        **a. Non-infringement**

Defendants first argue that their PowerTech propellers do not infringe the asserted claims because of two key limitations in the '073 Patent: (1) the "spaced from the inner surface of the bore" limitation; and (2) the "longitudinally extending groove" limitation. See Record Document 44-1 at 11. Under their proposed claim constructions, the Defendants

3

argue that their propellers are lacking these two limitations and thus cannot infringe upon Dean's patent. See id.

The construction of a claim is an issue to be determined by the judge, not a jury. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 384, 116 S. Ct. 1384 (1996). Further, such claim construction can occur "at virtually any point in the case: prior to discovery, pursuant to motions for summary judgment, or following the close of evidence at trial." See CellCast Techs., LLC v. United States, 152 Fed. Cl. 414, 432 n.5 (Fed. Cl. 2021). When construing a patent claim, "[a] heavy presumption exists that claim terms carry their full ordinary and customary meaning, unless [a party] can show the patentee expressly relinquished claim scope." Epistar Corp. v. Int'l Trade Comm'n, 566 F.3d 1321, 1334 (Fed. Cir. 2009). The "ordinary and customary meaning" is "the meaning that the term would have to a person of ordinary skill in the art (POSA) when read in the context of the entire patent." FenF, LLC v. SmartThingz, Inc., 601 F. App'x 950, 952 (Fed. Cir. 2015).

Based on the unopposed assertions in the Motion for Summary Judgment, this Court adopts Defendants' claim constructions, explained below, for both the "spaced from the inner surface of the bore" limitation and the "longitudinally extending groove" limitation. The Court further agrees with Defendants' uncontroverted argument that, under these claim constructions, the PowerTech propellers lack the two key limitations that could establish infringement of the '073 Patent. "To prove infringement, the patentee must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents." Cephalon, Inc. v. Watson Pharms., Inc., 707 F.3d 1330, 1340 (Fed. Cir. 2013). "[T]he failure to meet a single limitation is sufficient to negate

4

infringement of the claim." Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991). Because the PowerTech propellers fail to meet two of the limitations contained in the '073 Patent, Defendants are entitled to judgment as a matter of law as to their non-infringement of the '073 Patent.

### i. The "spaced from the inner surface of the bore" limitation

The first limitation at issue is found in claims one and eighteen of the '073 Patent, which state: "…such that the exterior surface of the central hub member is **spaced from the inner surface of the bore**." See Record Document 44-1 at 12 (emphasis added). Defendants' proposed construction of this term requires that "the entire exterior surface of the central hub member is spaced from the inner surface of the bore." See id. Defendants argue that this understanding of the spacing in the hub design "is central to the inventive concept disclosed in the '073 Patent." See id. Notably, in the Background section of the '073 Patent, the Patent "explains that the problem with prior art propellers used with high horsepower motors—such as the accused propellers manufactured by PowerTech—utilize a hard plastic or metal keyed piece to operatively engage the hub of the propeller." See id. at 12–13. Further, the Summary section of the Patent emphasizes the importance of the "resilient spacer members" in the inner hub of the propeller that "are designed to absorb impact forces from the propellor." See id. at 13. Defendants assert that "the resilient spacer members function to keep the central hub member from physically touching the inner surface of the bore along the entire length of the central hub member." See id.

In contrast to Defendants' construction requiring spacing along the entire length of the bore, Dean's construction only requires "a portion of the exterior surface of the central

5

hub member [to be] spaced from the inner surface of the bore." See id. at 12. This Court agrees with Defendants that such a construction would render the limitation irrelevant to the basis for the '073 Patent—namely, to reduce issues caused by impact between interior and exterior surfaces in the hub. See id. at 14. As Defendants submit, Dean's "proposed construction is divorced from the '073 Patent's own disclosure, as it would allow for metal-on-metal contact at the central hub/propeller bore interface. The '073 Patent goes to great lengths to describe such metal-on-metal contact as being undesirable since it can lead to harmonic vibration." See id. Thus, to best conform to the intent of the '073 Patent and the included claims, the Court adopts Defendants' construction of the "inner surface of the bore" limitation, such that spacing must occur along the entire length of the central hub.

Under this claim construction, Defendants' propellers do not infringe the '073 Patent, as evidenced by the many photographs and documents attached to the Motion for Summary Judgment. The PowerTech propeller at issue, depicted in Exhibits E-T to the Complaint, "utilizes a central hub member that has machined ends which interface with the inner surface of the propeller's central bore to provide a means for maintaining concentricity." See id. at 18 (Ex. G, Decl. of Steve Powers). Because the Defendants' propellers' inner hub does not have a space extending along the length of the bore, the designs are simply different. Notably, Dean did not oppose the arguments and evidence set forth in the Motion for Summary Judgment and thus did not satisfy his burden to create a genuine issue of material fact at the summary judgment stage as to this issue. See Gen. Universal Sys., Inc. v. Lee, 379 F.3d at 141. Thus, because the evidence shows that

6

Defendants' propellers do not meet a limitation of the '073 Patent, they cannot infringe on the Patent. Thus, Defendants are entitled to judgment as a matter of law.

### ii. The "longitudinally extending groove" limitation

The second limitation of the claims at issue states "…wherein the top surface of each rib defines **a longitudinally extending groove** that is configured for mounting of a bottom portion of one resilient spacer member." See id. at 15 (emphasis added). Defendants' proposed construction of this limitation requires "a groove extending lengthwise and physically located on the top surface of each rib." See id. To support this construction, Defendants point to the language of the '073 Patent itself, which explains that "resilient spacers members 300, together, space **the entire inner surface** 115 of the bore of the inner hub assembly from the exterior surface of the central hub member and provide a cushion for protecting the drive shaft in the event of a propeller impact, as well as protecting against harmonic vibration." See id. at 16 (Ex. A, '073 Patent, 5:1-7) (emphasis added). Defendants assert that the clear and unambiguous language of claim eighteen states that "the top surface of each rib defines a longitudinally extending groove…" See id. In other words, the groove is a sub-feature or characteristic of each rib. Defendants also point to the opinion of their expert, Dr. Hudson, who stated that the "longitudinally extending groove limitation" requires "the groove [to be] physically located on the top surface of each rib." See id. at 17 (Ex. I, Hudson Declaration, at ¶25-31).

The Court adopts Defendants' unopposed construction as that best conforming to the intent of the '073 Patent to provide spacing between the ribs of the hub's cavity. Further, under this claim construction, the Court finds that the PowerTech propellers do not contain the limitation and thus do not infringe on the '073 Patent. Defendants again

7

attached pictures for purposes of comparing the propeller designs and demonstrating that the PowerTech propellers lack the longitudinally extending groove on each rib. Further, Defendants note that Dean's "original Complaint did not actually specify where this purported 'longitudinally extending groove' was purportedly found in any of the 16 photographs appended to the Complaint." See id. at 21. Again, Dean did not oppose the arguments and evidence set forth in the Motion for Summary Judgment and thus did not satisfy his burden to create a genuine issue of material fact at the summary judgment stage as to this issue. See Gen. Universal Sys., Inc. v. Lee, 379 F.3d at 141. Thus, the Court finds that Defendants' propellers do not contain the "longitudinally extending groove" limitation as a matter of law, and thus, the propellers do not infringe on the '073 Patent.

Because the PowerTech propellers lack both of the claims' limitations described above, Defendants have demonstrated that their propellers do not infringe on the '073 Patent. Thus, Defendants are entitled to judgment as a matter of law as to the non-infringement of the '073 Patent.

    **b. Invalidity of patent**

In the counterclaims and Motion for Summary Judgment, Defendants alternatively argue that, even if the PowerTech propellers contained the limitations discussed above, such propellers "cannot infringe on the '073 Patent without the asserted claims being invalidated under 35 U.S.C. § 102." See Record Document 44-1 at 1. Defendants assert that their propellers have been sold in the United States since 2001, while the '073 Patent was not filed until 2005, about four years later. See id. at 23 (Ex. G, Decl. of Steve Powers). Thus, Defendants argue that their propellers pre-dated the '073 Patent, making

the '073 Patent unenforceable if the Defendants' propellers contain the same limitations. See id. In other words, the Defendants' propellers were on the market before Dean ever filed the '073 Patent, so Dean cannot now enforce the Patent against Defendants.

In Evans Cooling Systems, Inc. v. General Motors Corp. and Vanmoor v. Wal-Mart Stores, Inc., the Federal Circuit held that, if the patentee accuses a particular product of infringement, and that product is shown to be "prior art," the patentee has effectively admitted its claims are "anticipated." See Evans Cooling Sys., Inc. v. Gen. Motors Corp., 125 F.3d 1448, 1451 (Fed. Cir. 1997) (invalidating the patent because the accused product was offered for sale prior to the critical date of the patented invention); see also Vanmoor v. Wal-Mart Stores, Inc., 201 F.3d 1363, 1366 (Fed. Cir. 2000) (affirming invalidity of the patent based on the patentee's own infringement allegations because the accused product was placed on-sale before the critical date of the invention). This principle is derived from the "century-old axiom of patent law hold[ing] that a product 'which would literally infringe if later in time anticipates if earlier.'" See Upsher-Smith Labs., Inc. v. Pamlab, L.L.C., 412 F.3d 1319, 1322 (Fed. Cir. 2005) (quoting Schering Corp. v. Geneva Pharms., Inc., 339 F.3d 1373, 1379 (Fed. Cir. 2003)); see also Peters v. Active Mfg. Co., 129 U.S. 530, 537, 9 S. Ct. 389 (1889) ("That which infringes, if later, would anticipate, if earlier.").

Under this principle, because the PowerTech propellers were placed on-sale four years before the '073 Patent was filed, the Court finds that the '073 Patent's claims are "anticipated." Although PowerTech created a new "Gen2" hub after 2005, Defendants produced evidence showing that the original "Gen1" design, placed on-sale in 2001, and the Gen2 design are materially identical. See id. As noted above, Dean did not contest

9

this evidence. Thus, this Court agrees with Defendants and finds that if the PowerTech propellers contain each of the claim limitations, then the '073 Patent is invalid because of the clear timing of the on-sale. Thus, Defendants are entitled to judgment as a matter of law because Dean's infringement allegations invalidate his own patent.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Rec. Doc. 44) is **GRANTED**. Given the procedural posture of the case, and because the grounds upon which summary judgment is granted are identical to the grounds asserted in Defendants' counterclaims for declaratory judgment, a judgment shall issue in favor of Defendants.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of January, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT